UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARTINSBURG DIVISION

GREGORY KEITH CLINTON,                )
                                      )
            Plaintiff,                )
                                      )
v.                                    )            Civil Action No. 3:20-00151
                                      )
CHERYL DEAN RILEY,                    )
                                      )
            Defendant.                )

## PROPOSED FINDINGS AND RECOMMENDATION

On August 14, 2020, Plaintiff, acting *pro se*, filed his Complaint in this matter claiming entitlement to relief for alleged violations of his constitutional rights pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). (Document No. 1.) On August 21, 2020, Plaintiff filed a Supplement to his Complaint. (Document No. 4.) By Order entered on August 28, 2020, the above action was designated and assigned to the Honorable Thomas E. Johnston, Chief United States District Judge for the Southern District of West Virginia. (Document No. 5.) By Order entered on September 14, 2020, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 7.)

## FACTUAL AND PROCEDURAL HISTORY

**A.     Criminal Action No. 3:17-0005:**

By Superseding Indictment issued by a grand jury in the Northern District of West Virginia on March 21, 2017, Plaintiff was charged with one count of being an armed career criminal in

violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count One), two counts of possession

with intent to distribute cocaine base in violation of 21 U.S.C. § 844 (Counts Two and Four), and

two counts of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C.

§ 844 (Counts Three and Five). United States v. Clinton, Case No. 3:17-cr-0005 (N.D.W.Va.

August 29, 2018), Document No. 40. On April 19, 2018, following a jury trial, Plaintiff was

convicted of Counts One, Four, and Five of the Superseding Indictment and of lesser included

offenses as to Counts Two and Three of the Superseding Indictment. Id., Document No. 182.

Additionally, the jury returned a special verdict form as to the forfeiture finding that a firearm

(Ruger, Model P90, .45 caliber pistol) was knowingly used during the commission of Counts One,

Four, and Five. Id., Document No. 185. On August 27, 2018, the United States District Judge Gina

M. Groh sentenced Plaintiff to a total term of 264 months of imprisonment[1] to be followed by five

years of supervised release. Id., Document No. 205. District Judge Groh further imposed a $350.00

special assessment. Id.

On August 29, 2018, Plaintiff filed his Notice of Appeal. Id., Document No. 207. On

appeal, Plaintiff argued as follows: (1) The District Court erred in denying his motion to suppress

evidence and his motion for judgment of acquittal or new trial; (2) Judicial misconduct; (3) Lack

of jurisdiction; (4) Perjury; (5) Ineffective assistance of counsel; and (6) Improper forfeiture. On

May 14, 2019, the Fourth Circuit affirmed Plaintiff's convictions and sentences. United States v.

Clinton, 770 Fed.Appx. 109 (4th Cir. 2019).

---

[1] Specifically, the District Court sentenced Plaintiff as follows: "Two Hundred Sixty-Four (264)
months: On Count One, a term of 264 months; On each of Counts Two and Three, a term of 12
months on each count; On each of Counts Four and Five, a term of 240 months on each count, all
to run concurrent."

On July 15, 2019, Plaintiff filed a "Motion for Acquittal or New Trial, Motion for Release from Custody, Motion for Property to be Returned." Id., Document No. 295. On July 22, 2019, Plaintiff filed his Supplemental Motion for Acquittal or New Trial, Prosecutorial Misconduct, and/or Resentencing. Id., Document No. 298. On August 1, 2019, the District Court denied Plaintiff's above motions as moot in light of the Fourth Circuit's Opinion and issuance of the Mandate. Id., Document No. 303.

On September 6, 2019, Plaintiff filed a Motion for Return of Property pursuant to Rule 41(g). Id., Document No. 324. The District Court denied Plaintiff's Motion on September 10, 2019. Id., Document No. 328. On October 11, 2019, Plaintiff filed a Motion for Reconsideration of his Motion for Return of Property. Id., Document No. 342. On September 23, 2019, Plaintiff filed a Motion for Acquittal and Motion for New Trial. Id., Document No. 335. On October 16, 2019, Plaintiff filed a "Motion for Default/Grant Acquittal via Rule 55(a)(d) Federal Rules of Criminal Procedure." Id., Document No. 343. On November 25, 2019, Plaintiff filed a "Motion to Dismiss All Charges for Lack of Jurisdiction Via Rule 48(a)." Id., Document No. 367.

On December 2, 2019, Plaintiff filed a "Writ of Mandamus" arguing that he was illegally sentenced on "fraudulent counts 1s, 2s, 3s, 4s, and 5s" because "the jury did not find defendant guilty" of these counts. Id., Document No. 369. Plaintiff's "Writ of Mandamus" was transferred to the Fourth Circuit on December 16, 2019. On February 25, 2020, Plaintiff filed a "Motion for Default Judgment Writ of Mandamus and Writ of Mandamus Amended." Id., Document No. 395. On March 12, 2020, the Fourth Circuit denied Plaintiff's petition for writ of mandamus. In re Clinton, 796 Fed.Appx. 814 (4th Cir. 2020).

On January 9, 2020, Plaintiff filed a "Motion to Correct Judgment in Criminal Case 3:17-cr-5, Count 1 (Dismissed)." Id., Document No. 380. Specifically, Plaintiff argued that "on

08/27/2018, Count 1 was dismissed by USA (Anna Z. Krasinski) [and] on 08/29/2018, document 205 . . . was filed incorrectly into the court records." Id. On January 21, 2020, Plaintiff filed a "Motion to Dismiss Counts, Count One and 1s, Motion to Amend Judgment Order." Id., Document No. 384. Similar to the Motion filed on January 9, 2020, Plaintiff again argued that Counts 1 and 1s should be dismissed based on the United States' oral motion made in open court on August 27, 2018. Id. On March 18, 2020, Plaintiff filed a "Motion to Dismiss All Counts in Case 3:17-cr-5." Id., Document No. 402. By Order entered on April 20, 2020, the District Court denied Plaintiff's *pro se* Motions (Document Nos. 335, 342, 343, 356, 367, 380, 384, 402). Id., Document No. 405.

On April 28, 2020, Plaintiff filed a "Motion to Correct Judgment and Commitment Order Document 205 Filed 8/29/2018". Id., Document No. 411. Plaintiff again argued that Counts One through Five were dismissed on August 27, 2018, and District Court still has not corrected his Judgment and commitment order. Id. Plaintiff, therefore, concluded that he was illegally incarcerated. Id. Plaintiff requested his immediate release from custody, return of property, and monetary damages. Id. The District Court denied Plaintiff's above Motion finding no defects in its Judgment. Id., Document No. 413.

Subsequently, Plaintiff filed in the Fourth Circuit a petition for rehearing concerning his direct appeal. On June 29, 2020, the Fourth Circuit denied Plaintiff's petition for rehearing. Id., Document No. 426. On August 6, 2020, Plaintiff filed in the Fourth Circuit a "Writ of Error." Id., Document No. 431. Plaintiff argues that his original and Superseding Indictments improperly allege that Plaintiff possessed a firearm on August 11, 2008. Id. Plaintiff states that Case Number 3:08-cr-5 was a drug case completely unrelated to Case No. 3:17-cr-005. Id. Plaintiff further argues that the original and Superseding Indictments were dismissed with prejudice on August 27, 2018. Id.

4

**B. First Section 2255 Motion:**

On September 12, 2018, Plaintiff, acting *pro se*, filed in the Northern District of West Virginia his letter-form Section 2255 Motion. Id., Document No. 219. On May 31, 2019, Plaintiff filed his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 using a form issued by the Court. Id., Document No. 289. As grounds for relief, Plaintiff argued as follows: (1) The District Court lacked subject matter jurisdiction; (2) Plaintiff was subjected to an illegal search and seizure; (3) The United States withheld Brady material; and (4) Plaintiff was denied effective assistance of counsel. Id. By Amended Proposed Findings and Recommendation entered on August 7, 2019, United States Magistrate Judge Robert W. Trumble recommended that Plaintiff's Section 2255 Motion be dismissed as premature because such was filed while Plaintiff's direct appeal was pending before the Fourth Circuit. Id., Document No. 305. On August 16, 2019, Plaintiff filed his "Motion to Concede 2255 Motion to Vacate" conceding "with dismissal but reserving all rights to file a 2255 Motion to Vacate with or in the court in the near future." Id., Document No. 312. By Order entered on August 28, 2019, the District Court construed Plaintiff's above Motion as a Motion to Dismiss his Section 2255 Motion and granted the Motion to Dismiss. Id., Document No. 320.

**C. Second Section 2255 Motion:**

On October 31, 2019, Plaintiff, acting *pro se*, filed in the Northern District of West Virginia his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 348. As grounds for relief, Plaintiff argued as follows:

> (1) Petitioner was denied both procedural due process and substantive due process by the loss and destruction of video recordings of the traffic stop and his interrogation;

     (2)     The four counts charging a violation of the Controlled Substance Act (21 U.S.C. § 841(a)) was multiplicitous;

     (3)     Providing jurors with a 'lesser included offense' instruction constituted an amendment to the indictment;

     (4)     The jury instruction on the felon in possession of a firearm offense omitted the required 'mens rea' element as identified in *Rehaif v. United States*, 139 S.Ct. 2191 (2019);

     (5)     The Petitioner was denied a fundamentally fair trial contrary to the due process clause of the Fifth Amendment when prosecutors knowingly permitted Government witness, Heather Walling, to provide false and misleading testimony during the jury trial;

     (6)     Corporal Boyles lacked authority to determine that the prosecution of Gregory Clinton was to be conducted in Federal court, thereby depriving Federal courts of jurisdiction as a citizen enjoys a liberty interest in not being haled into court at all;

     (7)     The Petitioner received ineffective assistance of counsel contrary to the due process clause of the Fifth Amendment and the Sixth Amendment; and

     (8)     The Petitioner was denied assistance of counsel during his direct appeal from the convictions and sentences.

Id. On November 7, 2019, Plaintiff filed an Addendum to his Section 2255 Motion. Id., Document No. 354.

On December 6, 2019, Plaintiff filed his first Motion to Amend his Section 2255 Motion. Id., Document No. 370. In his Motion, Plaintiff stated that he wished to assert the following grounds for relief:

     1.     Petitioner received ineffective assistance of counsel when the jury was permitted to return verdicts based on both the initial indictment and the superseding indictment, without objection from defense counsel.

     2.     Following dismissal of Count One of the Indictment, the Court lost jurisdiction to adjudicate the Petitioner's guilty and/or impose a sentence.

Id.

6

On January 24, 2020, Plaintiff filed his second Motion to Amend his Section 2255 Motion. Id., Document No. 385. In his Motion, Plaintiff stated that he wished to amend his Section 2255 Motion to include the argument that the District Court was without jurisdiction as to both the original Indictment and the Superseding Indictment. Id. Plaintiff asserted that "Ground One has the exact same text as Case Number 3:08-cr-5," which proves the indictments were fraudulent. Id.

On February 13, 2020, Plaintiff filed his third Motion to Amend his Section 2255 Motion. Id., Document No. 393. In his Motion, Plaintiff stated that he wished to amend his Section 2255 Motion to include the argument that counsel was ineffective in failing to "investigate to verify the arrest warrant had a legal 'return.'" Id. By Order entered on April 30, 2020, the District Court granted Plaintiff's Motions to Amend and directed Plaintiff to make any amendment to his Section 2255 Motion on a Court-approved form within 30 days. Id., Document No. 415.

On April 30, 2020, Plaintiff filed his "Motion to Withdraw 2255 Motion to Vacate." Id., Document No. 416. Plaintiff explained that he was dismissing his Section 2255 Motion "in efforts to expedite the judicial process" because he was challenging the validity of his original and Superseding Indictments in a Section 2241 Petition. Id. Plaintiff again argued that his original and Superseding Indictments improperly alleged that Plaintiff possessed a firearm on August 11, 2008. Id. Plaintiff stated that "BOP records show [Plaintiff] was sentenced to 87 months on August 5, 2008, by Judge P. Bailey in Case Number 3:08-cr-5, a drug case – not a firearm as alleged in the original and Superseding Indictments." Id. By Order entered on May 1, 2020, the District Court granted Plaintiff's Motion to Dismiss his Section 2255 Motion. Id., Document No. 417.

**D.     Section 2241 Petition:**

On September 21, 2020, Plaintiff filed in the Northern District of West Virginia a "Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241." Clinton v. Hudgins, Case No. 3:20-cv-00179.

In his Petition, Plaintiff asserts nearly identical grounds for relief as set forth in his Section 2255 Motion. Id. Specifically, Plaintiff sets forth the following grounds for relief: (1) Illegal sentence; (2) "Constructive Amendment/Jurisdictional Defect as to Count Two of Superseding Indictment;" (3) Double Jeopardy; and (4) "Illegal arrest warrants returned." Id. As relief, Plaintiff requests correction of his Criminal Judgment (Document No. 205), immediate release from custody, the return of property, and monetary damages. Id. The above Section 2241 Petition is currently pending.

**E.    Plaintiff's present filings.**

On August 14, 2020, Plaintiff, acting *pro se*, filed his Complaint in this matter claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[2] (Civil Action No. 3:20-0005, Document No. 1.) On August 21, 2020, Plaintiff filed his Supplemental Complaint. (Document No. 4.) In his Complaint and Supplement, Plaintiff names Cheryl Dean Riley, Clerk of Court for the United States District Court for Northern District of West Virginia, as the sole Defendant. (Document Nos. 1 and 4.) Plaintiff concludes that Defendant Riley has committed "fraud and identity theft," "SEC violations/FINRA violations, tax evasion," and "violated his constitutional rights under the "4th, 5th, 10th, and 14th Amendments." (Id.) In support of his "fraud and identity theft" claim, Plaintiff alleges that on August 27, 2018, "Executor Anna Krasinski[3] requested dismissal of the second amended petition and the request was granted by Gina Groh." (Id.) Plaintiff states that the "petition continued 5 accounts dismissed with prejudice on 8/27/2018 by Judge Gina

---

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[3] Anna Krasinski is an Assistance United States Attorney.

Groh, but the accounts are still active." (Id.) Plaintiff states that the Fourth Circuit granted him leave to proceed *in forma pauperis* on March 12, 2020, and such has not yet been revoked. (Id.) Plaintiff complains that the Northern District of West Virginia never "proved it had subject matter jurisdiction." (Id.) Plaintiff further states that "both Executor Anna Krasinski and Trustee Judge Gina Groh both agreed that both indictments contained violations in an 8 year old drug case (Case 3:08-cr-5)." (Id.) Plaintiff states that Judge Groh agreed that "the Second Amended Petition (Document 40, Case 3:17-cr-5) was supposed to be dismissed with prejudice . . . and that petition contains account 1s, 2s, 3s, 4s, and 5s." (Id.) Plaintiff, however, complains that Count 1 was dismissed and "Counts 1 and 1s are the same word for word." (Id.) Plaintiff states that he was sentenced on "Counts 1s, 2s, 3s, 4s, and 5s, which have been dismissed." (Id.) Plaintiff complains that Defendant Riley "recorded document 205 without correcting it." (Id.) Plaintiff alleges that Defendant Riley is "the records keeper of the Court [and] has erred in her record keeping." (Id.) Plaintiff states that Defendant Riley "has to be accountable for her illegal actions." (Id.) Next, Plaintiff alleges that "Count 1 or 1s was supposed to establish subject matter jurisdiction, but it contained violations in Case 3:08-cr-5, August 11, 2008 (i.e. no Commerce Clause = no case)." (Id.) Plaintiff, therefore, states that "Ms. Krasinski would have to pay the liability" by "crediting the trust accounts in order to off-set the debts: 264 months, 240 months, 240 months, and 12 x 2 months." (Id.) Plaintiff states that the foregoing establishes that the "whole court is involved" in fraud, collusion, and treason. (Id.)

Concerning Plaintiff's claim of "SEC violations/FINRA violations, tax evasion," Plaintiff first alleges that Defendant Riley did not properly vacate "accounts" or "file a log for the accounts contained on Document 205 filed 8/29/2018." (Id.) Second, Plaintiff states that Defendant Riley

9

acted as a "scammer" by "lying about risk or loss." (<u>Id.</u>) Third, Plaintiff complains that Defendant Riley is a "trust officer" and "has no SEC license." (<u>Id.</u>)

Finally, Plaintiff alleges that his constitutional rights were violated during a traffic stop and search of his residence. (<u>Id.</u>) Plaintiff states that money and property (a gun) were improperly seized during the traffic stop and search. (<u>Id.</u>) Plaintiff requests that the money and property be returned. (<u>Id.</u>)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a person seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." <u>Id.</u>, 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." <u>Id.</u>, 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less

stringent standard than those drafted by attorneys. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); <u>Loe v. Armistead</u>, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." <u>Miller v. Jack</u>, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); <u>also see</u> <u>Goode v. Central Va. Legal Aide Society, Inc.</u>, 807 F.3d 619 (4th Cir. 2015).

## **DISCUSSION**

1.      **Claims under the Securities Act of 1933 and Securities Exchange Act of 1934:**

Plaintiff's allegations concerning alleged violations of the Securities Act of 1933 and the Securities Exchange Act of 1934 are convoluted and difficult to comprehend. The two basic objectives of the Securities Act of 1933 ("Securities Act") are as follows: (1) To require that investors receive financial and other significant information concerning securities being offered

for public sale; and (2) To prohibit deceit, misrepresentations, and other fraud in the sale of securities. Under the Securities Exchange Act of 1934 ("Exchange Act"), Congress created the Securities and Exchange Commission. The Securities and Exchange Commission ("SEC") has broad authority over all aspects of the securities industry. The Exchange Act identifies and prohibits certain types of conduct in the markets and provides the SEC with disciplinary power over regulated entities. In the instant case, there is no indication or allegation that Defendant Riley was engaged in the sale or trade of securities. Furthermore, a court is not a regulated entity under the Securities Act or Exchange Act. Although Plaintiff attempts to portray the above action as alleging violations of the Securities Act or the Exchange Act, the undersigned finds that Plaintiff is clearly challenging the validity of his convictions and sentences in Criminal Action No. 3:17-0005. The undersigned notes that Plaintiff appears to change the titles of certain individuals and documents to somehow support his claim for relief under the Securities Act or Exchange Act. Specifically, Plaintiff refers to the Defendant Riley (the Clerk of the Court) as a "trust officer," AUSA Anna Krasinski as an "Executor," District Judge Groh as a "Trustee," the Superseding Indictment as the "Second Amended Petition," counts contained in an indictment as "accounts," and his criminal sentence as a "debt." The foregoing, however, does not establish a claim under the Securities Act or the Exchange Act. Accordingly, the undersigned respectfully recommends that the District Court find that Plaintiff has failed to set forth a cognizable claim under the Securities Act or the Exchange Act.

## 2.    <u>Claim Precluded by Heck</u>:

In Plaintiff's Complaint and Supplemental Complaint, Plaintiff alleges that his constitutional rights were violated during his underlying criminal proceedings in Criminal Action

No. 3:17-0005. (Document Nos. 1 and 4.) Plaintiff contends that his criminal charges (Counts 1s, 2s, 3s, 4s, 5s) were dismissed by the AUSA Krasinski, but Defendant Riley failed to keep proper "record keeping." (Id.) Specifically, Plaintiff complains that Defendant Riley "recorded document 205 without correcting it." (Id.) A review of the underlying criminal proceeding reveals that "Document 205" is Plaintiff's Criminal Judgment as filed in Criminal Action No. 3:17-0005. Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying the invalidity of his convictions and sentences. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Bivens pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff challenged the validity of his convictions and sentences on direct appeal to the Fourth Circuit and by filing *habeas* petitions (Section 2255 Motions and Section 2241 Petition). Plaintiff's direct appeal was denied, his Section 2255 Motions have been dismissed, and his Section 2241 Petition is currently pending. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal convictions or

sentences have been invalidated, Plaintiff's <u>Bivens</u> claim is not cognizable pursuant to <u>Heck</u>. Accordingly, the undersigned respectfully recommends that Plaintiff's Complaint and Supplemental Complaint be dismissed.

**3.     Immunity:**

Notwithstanding the foregoing, and regardless of the capacity in which Defendant Riley is sued, the Court further finds that Defendant Riley is entitled to derivative judicial immunity. "Court clerks are also accorded derivative judicial absolute immunity when they act in obedience to a judicial order or under the court's direction." <u>Battle v. Morrison</u>, 139 F.3d 887 (4th Cir. 1998), <u>citing</u> <u>McCray v. Maryland</u>, 456 F.2d 1, 5 (4th Cir. 1972); <u>also see</u> <u>Loftis v. County of Horry, S.C.</u>, 948 F.2d 1281 (4th Cir. 1991)(same); <u>Bush v. Rauch</u>, 38 F.3d 842, 847 (6th Cir. 1994)(Absolute quasi-judicial immunity extends to non-judicial officers "performing tasks so integral or intertwined with the judicial process that these person are considered an arm of the judicial officer who is immune."); <u>Rogers v. Bruntrager</u>, 841 F.2d 853, 856 (8th Cir. 1988)("Clerks of court have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction."). Court clerks, however, generally do not enjoy absolute immunity when performing ministerial duties such as filing pleadings or responding to requests for court documents. <u>McCray</u>, 456 F.2d at 6 (4th Cir. 1972)(determining that the clerk of the court was not entitled to judicial immunity regarding a prisoner's allegation that the clerk impeded the filing of his papers where the clerk had a mandatory duty to file the papers). A clerk, however, is "entitled to derivate absolute immunity when performance of, or refusal to perform, ministerial acts is in accordance with a judicial order." <u>Battle v. Whitehurst</u>, 831 F.Supp. 522, 528 (E.D. Va. 1993)(<u>citing</u> McCray, 456 F.2d at 5), <u>aff'd</u>, 36 F.3d 1091 (4th Cir. 1994); <u>also see</u> <u>Geitz</u>

<u>v. Overall</u>, 62 Fed.Appx., 744, 746 (8th Cir. 2003)("Clerks are absolutely immune only for acts that may be seen as discretionary, or for acts taken at the direction of a judge or according to court rule.")

In the instant case, Plaintiff claims that Defendant Riley failed to keep "proper record keeping" because she failed to correct alleged errors in his Criminal Judgment Order (Criminal Action 3:17-0005, Document No. 205). Even accepting the foregoing allegations as true, Defendant Riley would be protected by derivate absolute judicial immunity. Defendant Riley is entitled to derivate absolute judicial immunity because her alleged conduct of filing the Criminal Judgment Order was at the direction of District Judge Groh, who prepared the Criminal Judgment Order. The undersigned further notes that it is not the duty or responsibility of a court clerk to revise or correct documents that are provided to the clerk of the court for docketing. Accordingly, the undersigned finds that Plaintiff's claims against Defendant Riley should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 8), **DISMISS** Plaintiff's Complaint and Supplement (Document Nos. 1 and 4), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days

(filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: September 30, 2020.

Omar J. Aboulhosn
United States Magistrate Judge