IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREOGRY KEITH CLINTON,

        Plaintiff,

v.                                                  CIVIL ACTION NO.   3:20-cv-00151

CHERYL DEAN RILEY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Gregory Clinton's ("Plaintiff") complaint, (ECF No. 1), filed on August 14, 2020; supplemental complaint, (ECF No. 4), filed on August 21, 2020; and motion to recuse, filed on October 13, 2020, (ECF No. 29).  The complaint alleged violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (ECF No. 1.)  On August 21, 2020, Plaintiff filed another supplement to his complaint.  (ECF No. 4.)  By order entered on August 28, 2020, this action was designated and assigned to this Court.  (ECF No. 5.)  By order of this Court on September 14, 2020, this action was referred to United States Magistrate Judge Omar Aboulhosn for submission of proposed findings and a recommendation for disposition (PF&R").  On September 30, 2020, Magistrate Judge Aboulhosn filed a PF&R, (ECF No. 19), recommending that this Court deny Plaintiff's Application to Proceed without Prepayment of Fees and Costs, (ECF No. 8), and dismiss Plaintiff's Complaint and Supplement.  (ECF Nos. 1, 4.)  Plaintiff filed his objections to the PF&R on October 14, 2020.  (ECF No. 33.)

For the reasons discussed herein, the Court **OVERRULES** Plaintiff's objections, (ECF No. 33), **ADOPTS** the PF&R, (ECF No. 19), and **DISMISSES** this action from the docket of the Court.

## I. BACKGROUND

Plaintiff is an inmate at FCI Gilmer in Glenville, West Virginia. (ECF No. 1.) On April 19, 2018, Plaintiff was convicted by a jury on counts of being an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). *United States v. Clinton*, Case No. 3:17-cr-0005 (N.D. W. Va. August 29, 2018), (Case No. 3:17-cr-0005, ECF No. 40.) Plaintiff was also convicted of lesser included offenses with regards to additional possession with intent distribute charges. (*Id.*) The jury also returned a special verdict form as to the forfeiture finding that a firearm was knowingly used during the commission of some of these offenses. (*Id.*, ECF No. 185.) On August 27, 2018, United States District Court Judge Gina Groh sentenced Plaintiff to a total term of 264 months imprisonment to be followed by five years of supervised release. (*Id.*, ECF No. 205.)

The complete factual and procedural history of Plaintiff's numerous habeas proceedings are set forth in detail in the PF&R and need not be repeated here. The instant Complaint, filed by Plaintiff and proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1.) Plaintiff filed a Supplemental Complaint on August 21, 2020. (ECF No. 4.) In both his Complaint and the Supplemental, Plaintiff names Cheryl Dean Riley ("Riley"), Clerk of Court for the United States District Court

for the Northern District of West Virginia, as the sole Defendant. (ECF Nos. 1, 4.) Plaintiff asserts that Riley has committed "fraud and identity theft," "SEC violations/FINRA violations, tax evasion," and that she "violated his constitutional rights under the 4th, 5th, 10th, and 14th Amendments." (*Id.*)

The PF&R thoroughly analyzes each of Plaintiff's arguments contained within his Complaint and Supplemental Complaint, and it recommends that this Court deny Plaintiff's Application to Proceed without Prepayment of Fees and Costs, (ECF No. 8), and dismiss Plaintiff's Complaint and Supplement. (ECF Nos. 1, 4.)

## II. STANDARD OF REVIEW

### A. Recusal

Title 28 U.S.C. § 455 governs disqualification of federal district court judges. In pertinent part, the section reads that, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute also requires removal if the judge possesses a personal bias or prejudice concerning a party or personal knowledge of the disputed facts; where, in private practice, he served as a lawyer on the matter or where he associated with a lawyer currently on the matter; where he served in governmental employment and participated in the proceeding; where he or an immediate family member has a financial interest in the subject matter; or if anyone in the judge's family, within a third degree of relationship to him or his spouse, is involved in the proceeding as an attorney, party, material witness, or has a financial interest in the outcome. 28 U.S.C. § 455 (b). The test for recusal is an objective one. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). "The inquiry is whether a reasonable person would have a reasonable basis

3

for questioning the judge's impartiality, not whether the judge is in fact impartial." *Id.* The fact that a judge ruled adversely against the movant in a related proceeding does not warrant recusal, *see United States v. Parker*, 742 F.2d 127, 128–29 (4th Cir. 1984), and a judge is not required to recuse himself for nothing more than "unsupported, irrational or highly tenuous speculation." *Cherry*, 330 F.3d at 665 (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)).

### B. Review of Magistrate Judge's Findings and Recommendations

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. DISCUSSION

#### A. Motion to Recuse

Plaintiff bases his motion to recuse entirely on the argument that the Court lacks jurisdiction over his claims and, in particular, his criminal conviction. (ECF No. 29 at 1–2.) As

4

this argument serves as the basis for the majority of his objections, the Court shall take up its analysis, *infra*. Plaintiff has not identified any reason requiring the recusal of this Judge under 28 U.S.C. § 455. For that reason, and the reasons more fully described below, Plaintiff's motion to recuse is **DENIED**.

### B. Objections to the PF&R

Plaintiff submitted his objections to the Magistrate Judge's PF&R on October 14, 2020. (ECF No. 33.) At the outset, the Court notes that Petitioner's objections to the PF&R are not to any specific perceived errors within the PF&R, but rather seem to be challenges to the constitutional authority of both the Magistrate Judge and this Court to exercise jurisdiction over this matter. Given the rather unusual objections, the Court will briefly review each.

#### 1. Objection One

Plaintiff's first objection asserts that "[t]he court cannot produce the constitutional authority that allows the court to take jurisdiction and enter judgements, orders or decrees in favor of the United States arising from a civil or criminal proceeding regarding a debt in Berkley County West Virginia the United States District [*sic*]." (ECF No. 33 at 1.) Plaintiff asserts that the Court is a court of general jurisdiction, and that it may only exercise jurisdiction in "Federal territory such as the District of Columbia and the territories to wit." (ECF No. 33 at 1–2.)

Article III is the source within the United States Constitution from which the judiciary finds its authority. "The judicial Power of the United States, shall be vested in one Supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. Art. III, § 1. "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made,

5

Case 3:20-cv-00151-TEJ-OJA   Document 47   Filed 01/25/21   Page 6 of 11 PageID #: 272

under their Authority; . . . to Controversies to which the United States shall be a Party[.]" U.S. Const. Art. III, § 2.  Furthermore, and as is directly stated on Plaintiff's Complaint and his Supplemental Complaint, the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2201. Section 1331, which is the "Federal question" statute, establishes that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Section 2201 establishes that "[i]n a case of actual controversy within its jurisdiction, . . ., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

Plaintiff is a federal inmate, housed at the Federal Correctional Institution Gilmer in Glenville, West Virginia, and he was convicted of violations of federal criminal statutes.  *See United States v. Clinton*, Case No. 3:17-cr-0005 (N.D. W. Va. August 29, 2018).  Plaintiff raised these complaints under the United States Constitution and federal securities trading law while incarcerated.[1]  (*See* ECF Nos. 1, 4.)  Because Plaintiff brought complaints that arose under the Constitution and federal law, the exercise of jurisdiction by this Court is proper.

Plaintiff's objections are difficult to comprehend, but his main assertion appears to be that the Court cannot exercise jurisdiction in West Virginia because it is a "United States District Court."[2]  Apparently, in Plaintiff's view, this limits the Court's authority to the District of

---

[1] The Court notes that Plaintiff's claims appear to be another attack on his underlying convictions and sentences.  (*See generally* ECF Nos. 1, 4.)  Magistrate Judge Aboulhosn recognized this as well.  (*See* ECF No. 19 at 12.)  As the Magistrate Judge explained, Plaintiff has already challenged the validity of his convictions and sentences by filing *habeas* petitions.  (*See* ECF No. 19 at 13.)  Only one petition is still pending as of this Order.

[2] Notably, Plaintiff tried to scratch out references to the "Northern District of West Virginia" on his Complaint form and Supplemental Complaint, and instead wrote in "District Court of the United States" and "Fourth Circuit."  (*See, e.g.*, ECF No. 1 at 2.)  This appears to be an attempt to avoid this Court and instead proceed directly to, in Plaintiff's own words, the "'True' Article III Court US Fourth Circuit Court of Appeals True Constitutional Court Richmond

Columbia and other United States territories. The Court cannot and does not speculate on what would appear to be a gross or purposeful misunderstanding of the principles of federalism and the function of federal laws and the judiciary in this country. His objection is without merit and is therefore **OVERRULED**.

    2. *Objection 2*

Plaintiff's next objection is that the Magistrate Judge signed an Order denying Plaintiff's motions for a subpoena and the motion to vacate the referral of this matter to a Magistrate Judge. (ECF No. 33 at 3.) Plaintiff accuses the Magistrate Judge of "treason" for signing this order, (ECF No. 20), without the constitutional authority described above.

For the reasons already explained, jurisdiction in this Court is proper. Moreover, Plaintiff's objection is not directed to a specific finding in the PF&R. Therefore, Plaintiff's objection is **OVERRULED**.

    3. *Objection 3*

Plaintiff's next objection appears to be another attack on his criminal judgment, and he asserts that AUSA Anna Krasinski and United States District Court Judge Gina Groh agreed to dismiss with prejudice "Document 40 in case 3:17cr-5.[3]" (ECF No. 33 at 4.) Plaintiff accuses Riley, the Clerk of Court, of "affinity fraud" in filing his criminal judgment. (*Id.*)

"Affinity fraud" refers to investment scams that target identifiable groups, such as the elderly. *See Affinity Fraud: How to Avoid Investment Scams That Target Group*, U.S. SECURITIES AND EXCHANGE COMM'N (Oct. 9, 2013), https://www.sec.gov/investor/pubs/affinity.htm. Moreover, Plaintiff was brought to trial and convicted by a jury of his peers on five criminal

---

VA." (*Id.* at 1.)

[3] Document 40 in case number 3:17-cr-00005 is the superseding indictment in Plaintiff's criminal case.

counts, as evidenced by the entry of criminal judgment. (Case No. 3:17-cr-0005, ECF No. 205.) The Securities Act of 1933 and Securities Exchange Act of 1934 do not provide Plaintiff with the means to challenge his conviction, and Plaintiff has similarly not stated a claim under either act.

Regardless, Plaintiff has not objected to a specific finding in the PF&R.  For the foregoing reasons, Plaintiff's objection is **OVERRULED.**

### 4. Objection 4

Again, Plaintiff objects to proper jurisdiction[4] in this Court and uses that objection as his base to argue that neither Riley nor Judge Groh possess immunity in this matter.  (ECF No. 33 at 4–5.)  Plaintiff appears to argue that, because of his belief the Court lacks jurisdiction, Judge Groh is not entitled to judicial immunity, and therefore neither is Riley as the Clerk of Court.  (*Id.*)

As the Court has already addressed the jurisdictional issue and finding Plaintiff's objection unpersuasive, it will review judicial immunity in this context.  Judicial immunity is absolute. *See, e.g.*, *Mitchell v. Forsyth*, 472 U.S. 511, 521 (1985).  Absolute immunity is typically reserved for "judges performing judicial acts within their jurisdiction, . . . prosecutors performing acts intimately associated with the judicial phase of the criminal process, . . . and quasi-judicial agency officials whose duties are comparable to those of judges or prosecutors when adequate procedural safeguards exist." *Ostrzenski v. Seigel,* 177 F.3d 245, 249 (4th Cir. 1999) (internal quotations omitted).

Judge Groh presided over Plaintiff's criminal trial.  As demonstrated, federal district courts possess jurisdiction over criminal violations of federal statutes, thereby providing the

---

[4] Again Plaintiff objects based on the mistaken belief that a United States District Court *only* has jurisdiction in Washington, D.C. or any of the United States territories.  (ECF No. 33 at 33.)  As explained, Berkley County, West Virginia sits in the Northern District of West Virginia; Plaintiff was charged with violating federal criminal statutes in that county; therefore, the Northern District has proper jurisdiction.

United States District Court for the Northern District of West Virginia jurisdiction over Plaintiff's criminal proceedings. Therefore, Judge Groh is absolutely immune from any suit for money damages as she performed judicial acts in a matter that she possessed subject-matter jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–13 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 362–64, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Because Judge Groh possessed judicial immunity, so too did Riley as the Clerk of Court. *See, e.g.*, *Harris v. Suter*, 3 Fed. App'x. 365, 366 (6th Cir. 2001) ("When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction."). Plaintiff's main contention appears to be that Riley filed his criminal judgment. As a judicial function within the Clerk's jurisdiction, Riley is entitled to immunity.

For the foregoing reasons, Plaintiff's objection is without merit, and therefore **OVERRULED**.

### 5. Objection 5

Plaintiff's next objection is to the Magistrate Judge filing his PF&R in the absence of proper jurisdiction. (ECF No. 33 at 6.) By doing so, Plaintiff accuses the Magistrate Judge of subterfuge and treason. (*Id.*) Therefore, Plaintiff claims entitlement to a ruling of $ 3,839,000,000 (three billion, eight hundred thirty-nine million). (*Id.*)

Plaintiff's objection is without merit for the reasons previously explained. The District Court and the Magistrate Judge have proper jurisdiction of this matter. Plaintiff's objection is **OVERRULED**.

6. *Objection 6*

Plaintiff again objects that the Magistrate Judge does not have the authority to "make a determination of the facts or law or legal analysis and cited Authority to issue judgments, or Orders." (ECF No. 33 at 10.) Plaintiff apparently argues the above renders the Magistrate Judge's PF&R void. (*Id.*)

A magistrate judge is empowered through 28 U.S.C. § 636(b)(1)(B) to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, . . . of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement," when designated by the district court judge. By Order of this Court and entered September 14, 2020, this matter was designated to Magistrate Judge Aboulhosn for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff's objection is without merit.

For the foregoing reasons, Plaintiff's objection is **OVERRULED**.

7. *Objection 7*

Plaintiff next objects and states that "[t]heir [*sic*] is no legal reason why Plaintiff Application to proceed without paying prepayment fee the 30 day time period has not elapsed and cannot make that determination till time has expired." (ECF No. 33 at 10.)

Plaintiff's Complaint is subject to dismissal. Moreover, Plaintiff has not objected to a specific finding in the PF&R. For the foregoing reasons, Plaintiff's objection is **OVERRULED.**

10

*8. Objection 8*

Plaintiff's final objection is to the Magistrate Judge's entry of Document 20, the denial of his motions to vacate the order of referral and his motion for subpoena. (*Id.*) He bases this objection on the Magistrate Judge's jurisdiction in this matter. (*Id.*)

As previously explained, Plaintiff's objection to jurisdiction is without merit. Moreover, his objection is to motions outside of the scope of the PF&R. For the foregoing reasons, Plaintiff's objection is **OVERRULED**.

### IV. CONCLUSION

Accordingly, the Court **DENIES** Petitioner's Motion for Recusal, (ECF No. 29); **OVERRULES** Petitioner's objections, (ECF No. 33); **ADOPTS** the PF&R, (ECF No. 19); and **DISMISSES** this action from the docket of the Court. The Court **DIRECTS** the Clerk to remove this case from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 25, 2021

THOMAS E. JOHNSTON, CHIEF JUDGE

11